UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TOLENTINO VELASQUEZ,

                Plaintiff,        07 Civ.  (

-against-

TOWN/VILLAGE OF MT. KISCO,        **COMPLAINT**
New York, the TOWN OF BEDFORD,
New York, and John Doe, individually,

                Defendants.       **Jury Trial Demanded**

------------------------------------------------------------x

**07 CIV. 6367**

Plaintiff TOLENTINO VELASQUEZ, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants while acting under color of the laws of the State of New York, for the violation of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1981.

### JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff TOLENTINO VELASQUEZ is a domiciliary of the State of New York, a resident of the Northern Counties, and a brown-skinned male Hispanic of Guatemalan national origin.

4. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

6. Defendant TOWN OF BEDFORD, New York (hereinafter "Bedford") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

7. Defendant JOHN DOE (hereinafter "Doe"), whose identity is presently unknown, is sued in his individual and personal capacities only. At all times relevant to this complaint Doe was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Doe was on duty and in all respects acting under color of the laws of the State of New York.

## THE FACTS

8. Mt. Kisco and Bedford have for a substantial period of time established and maintained a practice, policy and custom (hereinafter the "policy") quaintly referred to in police parlance as "border dumping".

9. Border dumping, as routinely practiced by those municipalities by means of their police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both

2

jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities. Caucasians and females are not the subject of border dumping.

10. As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; gender and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border,
>
> e. Dump the target and/or his body in the neighboring jurisdiction, and
>
> f. Return to their own jurisdiction without officially reporting the discriminatory motivation for their conduct.

11. In or about June of 2005, Doe targeted Plaintiff, involuntarily took him into his custody, ordered him into a police vehicle, without authority or permission transported him out of Mt. Kisco and dumped him on Byram Lake Road in the Town of Bedford - - an apparent location of choice where a mortally wounded Hispanic of Guatemalan national original (Renee Perez) was subsequently dumped in 2007 shortly prior to his death by a sworn member of the Mt. Kisco Police Department. In doing so

Doe was motivated by animus premised upon the target's national origin, skin color, gender and/or ethnicity.

12. As a proximate result of Defendants' policy and conduct Plaintiff was caused to suffer: a violation of his right to Equal Protection; a violation of his right to Intra-State Travel; false imprisonment; punishment by reason of his ethnicity, color and/or national origin; public humiliation; public embarrassment; shame; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST ALL DEFENDANTS

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' policy is unconstitutional and violative of Plaintiff's rights as guaranteed him by reason of the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1981.

### AS AND FOR A SECOND CLAIM
### AGAINST DEFENDANTS DOE AND
### MT. KISCO

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

16. Under the premises Defendants' conduct violated Plaintiff's right to be free from unreasonable seizures as guaranteed him by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST DEFENDANTS DOE AND
## MT. KISCO

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

18. Under the premises Defendants conduct violated Plaintiff's right to Intra-State Travel as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST DEFENDANTS DOE AND
## MT. KISCO

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

20. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed him by reason of 42 U.S.C. §1981.

## AS AND FOR A FIFTH CLAIM
## AGAINST DEFENDANTS DOE AND
## MT. KISCO

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

22. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding as against Bedford and Mt. Kisco such compensatory damages as the jury may determine,

b. Awarding as against Doe such compensatory and punitive damages as the jury may impose,

c. Awarding as against all Defendants reasonable attorney's fees and costs,

d. Declaring unconstitutional and permanently enjoining border dumping by Bedford and Mt. Kisco, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       July 9, 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401