# EXHIBIT "A"

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

TOLENTINO VELASQUEZ,

        Plaintiff,

-against-

TOWN/VILLAGE OF MT. KISCO, New York, the TOWN OF BEDFORD, New York and John Doe, individually,

        Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No.

**07 CIV. 6367**

TO: (Name and Address of Defendant)

Town/Village of Mount Kisco, New York, 104 Main Street, Mount Kisco, New York

Town of Bedford, New York, 321 Bedford Road, Bedford Hills, New York

John Doe, 104 Main Street, Mount Kisco, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY,
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**    JUL 1 2 2007
CLERK                                     DATE

BY DEPUTY CLERK

**RECEIVED**

JUL 18 2007

LISBETH FUMAGALLI, TOWN CLERK
TOWN OF BEDFORD, NEW YORK

3:30 pm by hand

07/23/2007 13:25 FAX 9739482099   Case 7:07-cv-06367-CLB   Document 9-2   SELECTIVE INSURANCE   Filed 09/06/2007   Page 3 of 8   ☒008/013

JUL-18-2007 16:07         TOWN OF BEDFORD                          19146665249    P.03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

TOLENTINO VELASQUEZ,

                          Plaintiff,

        -against-

TOWN/VILLAGE OF MT. KISCO,
New York, the TOWN OF BEDFORD,
New York, and John Doe, individually,

                        Defendants.
----------------------------------------------------------------x

FILED
JUL 12 2007
USDC WP SDNY

07 CIV. 6367

COMPLAINT

**Jury Trial Demanded**

      Plaintiff TOLENTINO VELASQUEZ, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants while acting under color of the laws of the State of New York, for the violation of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1981.

### JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff TOLENTINO VELASQUEZ is a domiciliary of the State of New York, a resident of the Northern Counties, and a brown-skinned male Hispanic of Guatemalan national origin.

4. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

6. Defendant TOWN OF BEDFORD, New York (hereinafter "Bedford") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

7. Defendant JOHN DOE (hereinafter "Doe"), whose identity is presently unknown, is sued in his individual and personal capacities only. At all times relevant to this complaint Doe was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Doe was on duty and in all respects acting under color of the laws of the State of New York.

## THE FACTS

8. Mt. Kisco and Bedford have for a substantial period of time established and maintained a practice, policy and custom (hereinafter the "policy") quaintly referred to in police parlance as "border dumping".

9. Border dumping, as routinely practiced by those municipalities by means of their police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both

2

jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities. Caucasians and females are not the subject of border dumping.

10. As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; gender and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border,
>
> e. Dump the target and/or his body in the neighboring jurisdiction, and
>
> f. Return to their own jurisdiction without officially reporting the discriminatory motivation for their conduct.

11. In or about June of 2005, Doe targeted Plaintiff, involuntarily took him into his custody, ordered him into a police vehicle, without authority or permission transported him out of Mt. Kisco and dumped him on Byram Lake Road in the Town of Bedford - - an apparent location of choice where a mortally wounded Hispanic of Guatemalan national original (Renee Perez) was subsequently dumped in 2007 shortly prior to his death by a sworn member of the Mt. Kisco Police Department. In doing so

3

Doe was motivated by animus premised upon the target's national origin, skin color, gender and/or ethnicity.

12. As a proximate result of Defendants' policy and conduct Plaintiff was caused to suffer: a violation of his right to Equal Protection; a violation of his right to Intra-State Travel; false imprisonment; punishment by reason of his ethnicity, color and/or national origin; public humiliation; public embarrassment; shame; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST ALL DEFENDANTS

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' policy is unconstitutional and violative of Plaintiff's rights as guaranteed him by reason of the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1981.

## AS AND FOR A SECOND CLAIM
## AGAINST DEFENDANTS DOE AND
## MT. KISCO

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

16. Under the premises Defendants' conduct violated Plaintiff's right to be free from unreasonable seizures as guaranteed him by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM AGAINST DEFENDANTS DOE AND MT. KISCO

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

18. Under the premises Defendants conduct violated Plaintiff's right to Intra-State Travel as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM AGAINST DEFENDANTS DOE AND MT. KISCO

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

20. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed him by reason of 42 U.S.C. §1981.

### AS AND FOR A FIFTH CLAIM AGAINST DEFENDANTS DOE AND MT. KISCO

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

22. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding as against Bedford and Mt. Kisco such compensatory damages as the jury may determine,

b. Awarding as against Doe such compensatory and punitive damages as the jury may impose,

c. Awarding as against all Defendants reasonable attorney's fees and costs,

d. Declaring unconstitutional and permanently enjoining border dumping by Bedford and Mt. Kisco, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
July 9, 2007

                                            LOVETT & GOULD, LLP
                                            By:_____
                                            Jonathan Lovett (4854)
                                            Attorneys for Plaintiff
                                            222 Bloomingdale Road
                                            White Plains, N.Y. 10605
                                            914-428-8401