UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF NEW YORK
-----------------------------------------------------------X
TOLENTINO VELASQUEZ,

                Plaintiff,              Docket No.
                                            07 Civ. 6367 (CLB)

   v.

TOWN/VILLAGE OF MT. KISCO, New York,
the TOWN OF BEDFORD, New York and John
Doe, individually,

                Defendants.
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT TOWN OF BEDFORD'S MOTION TO DISMISS

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for Defendants
                              240 Mineola Blvd.
                              Mineola, New York 11501
                              (516) 741-7676
                              Our File No. 07-495

<u>Of Counsel:</u>
Steven C. Stern [SS 2573]

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................2

STATEMENT OF FACTS ...............................................................................................................2

ARGUMENT ....................................................................................................................................3

POINT I

    THIS COURT LACKS SUBJECT MATTER JURISDICTION
    BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO
    PURSUE THE RELIEF REQUESTED................................................................................3

CONCLUSION .................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

Alliance for Environmental Renewal v. Pyramid Crossgates Co., 436 F.3d 82
 (2d Cir. 2006)...................................................................................................................... 3

Amnesty America  v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004)................................ 4

Bennett v. Spear, 520 U.S. 154, S.Ct. 1154 (1997) ...................................................................... 3

City of Canton, Ohio v. Harris, 489 U.S. 378, S.Ct. 1197 (1989).................................................. 4

City of Los Angeles v. Heller, 475 U.S. 796, 106 S.Ct. 1571 (1986) ............................................5

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992) ........................................ 3

McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977) ...................................................................5

Mistretta v. The City of New York, 1999 WL 1129618 (E.D.N.Y. Oct. 15, 1999) ....................... 5

Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978)............. 4

Morales v. Busbee, 972 F.Supp. 254 (D.N.J. 1997) ...................................................................... 5

Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985)..................................................... 4

Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981) ....................................................... 4

Raines v. Byrd, 521 U.S. 811, S.Ct. 2312 (1997)......................................................................... 3

Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 96 S.Ct. 1917 (1976)..... 4

Vippolis v. Village of Haverstraw, 768 F.2d 40 (2d Cir. 1985) .................................................... 4

**Statutes**

42 U.S.C. § 1983............................................................................................................................ 2
Fed. R. Civ. P. 12(b)(1).................................................................................................................. 2
Fed. R. Civ. P. 12(b)(6).................................................................................................................. 2

## PRELIMINARY STATEMENT

Plaintiff Tolentino Velasquez commenced this action, pursuant to 42 U.S.C. § 1983, alleging that defendant Town/Village of Mt. Kisco ("Mt. Kisco") illegally seized him in violation of his Fourth and Fourteenth Amendment rights. While plaintiff alleges that both Mt. Kisco and the Town of Bedford ("Bedford") have a policy and practice of so-called "border-dumping," plaintiff does not allege that Bedford played any role in the deprivation of plaintiff's constitutional rights.

Defendant Bedford moves to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), on the grounds that plaintiff fails to state a claim against Bedford because it had nothing whatsoever to do with the alleged deprivation of plaintiff's constitutional rights. In legal terms, plaintiff has no standing, depriving the Court of subject matter jurisdiction as against Bedford.

## STATEMENT OF FACTS[1]

Plaintiff is an Hispanic male domiciled in the State of New York (Exh. A, ¶3). He alleges that, on an unspecified date in June 2005, an unidentified member of the Mt. Kisco Police Department, "involuntarily took him into his custody, ordered him into a police vehicle, without authority or permission transported him out of Mt. Kisco and dumped him on Byram Lake Road in the Town of Bedford…." (Exh. A, ¶11). Plaintiff alleges that the unidentified member of the Mt. Kisco Police Department was "motivated by animus premised upon the target's national origin, skin color, gender and/or ethnicity." (Exh. A, ¶12).

Plaintiff's only reference to Bedford is his claim that both Mt. Kisco and Bedford have a "policy, practice and custom" of so-called "border dumping." (Exh. A, ¶8). Plaintiff does not allege that Bedford ever involuntarily took him into custody, transported him in a police car, or

---

[1] The facts set forth in the complaint are accepted as true only for purposes of this motion, as required by Fed. R. Civ. P. 12(b)(6).

2

"dumped" him in any other jurisdiction. The sole cause of action against Bedford is based upon plaintiff's assertion that Bedford engages in "border dumping" with respect to individuals other than the plaintiff.

**ARGUMENT**

**POINT I**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO PURSUE THE RELIEF REQUESTED.**

Standing implicates the Court's jurisdiction under the case or controversy "bedrock requirement" of Article III, Section 2 of the United States Constitution. Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 2317 (1997). The case or controversy requirement is "immutable," Bennett v. Spear, 520 U.S. 154, 162, 117 S.Ct. 1154, 1161 (1997), and is the "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). Article III standing remains a limitation on federal courts to exercise subject matter jurisdiction. See Alliance for Environmental Renewal v. Pyramid Crossgates Co., 436 F.3d 82, 89 (2d Cir. 2006).

Article III requires a plaintiff to first demonstrate that he has suffered an injury in fact, an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. Id. Second, he must demonstrate a causal connection between the injury and the conduct about which he complains such that a favorable court decision would likely redress or remedy the injury. Id. "In other words, the 'case or controversy' limitation of Article III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the

3

independent action of some third party not before the court." Simon v. Eastern Kentucky Welfare Rights Organization**,** 426 U.S. 26, 42, 96 S.Ct. 1917, 1926 (1976). Plaintiff has neither suffered an injury in fact at the hands of the Town of Bedford, nor can he demonstrate a causal connection between the alleged conduct by the Town of Bedford and his injury.

More particularly, in order to be liable under §1983 a plaintiff must show that the municipality's policies were the "moving force behind the constitutional violation." City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978); Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454 (1981)). This causation has two components. "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Inherent in this analysis is the requirement that the municipality itself have actually committed the violation of plaintiff's constitutional rights. "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." Amnesty America v. Town of West Hartford, 361 F.3d 113, 125 (2d Cir. 2004). While "an employee's act of enforcing an unconstitutional municipal policy may be considered the act of the municipality itself," id., it has never been held that a municipality can be held liable because an employee of another, separate municipality violated an individual's constitutional rights.

4

"In this [Second] Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977); see also Mistretta v. The City of New York, 1999 WL 1129618 (E.D.N.Y. Oct. 15, 1999) (City defendants could not be held liable for false arrest and malicious prosecution because plaintiff did not allege specific facts to demonstrate that they participated in the decision to arrest and prosecute him). Stated simply, a party cannot be held liable for damages it did not cause. Id. (citing Morales v. Busbee, 972 F.Supp. 254, 265-66 (D.N.J. 1997)); see also City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the [constitutional violation] is quite beside the point.")

Plaintiff does not allege that any police officers or other employees of the Town of Bedford took any action against him. He only asserts that Bedford, like Mt. Kisco, maintains a practice, policy and custom of so-called "border dumping." (Exh. A, ¶8). Even if this was true (which defendant vehemently denies), plaintiff's claim against Bedford must still be dismissed because it played no role in the violation of plaintiff's constitutional rights.

5

**CONCLUSION**

      For the foregoing reasons, defendant Town of Bedford respectfully submits that this action should be dismissed in its entirety, together with such further relief as it deems just and proper.

DATED:    Mineola, New York
             September 6, 2007

                        MIRANDA SOKOLOFF
                        SAMBURSKY SLONE VERVENIOTIS LLP
                        Attorneys for Defendants

By:    STEVEN C. STERN (SS 2573)
        240 Mineola Blvd.
        Mineola, New York 11501
        (516) 741-7676
        Our File No. 07-495

6