UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

TOLENTINO VELASQUEZ,

                  Plaintiff,

      -against-                            07 Civ. 6367 (CLB)

TOWN/VILLAGE OF MT. KISCO,
New York, the TOWN OF BEDFORD,
New York, and John Doe, individually,

                  Defendants.

--------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO TOWN OF BEDFORD'S
## 12(B)(6) MOTION TO DISMISS

### Preliminary Statement

    Plaintiff submits this memorandum of law in opposition to the Town of Bedford's

motion to dismiss the complaint as against it pursuant to FRCP 12(b)(6).

### Controlling Principles of Law

    The standards governing a Rule 12(b)(6) motion are well-settled. Sheppard v.

Beerman, 18 F.3d 147, 150 (2nd Cir. 1994), *cert. denied*, 115 S.Ct. 73 (1994), *citing* Ad-

Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,

835 F.2d 980, 982 (2nd Cir. 1987).

1

The Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001), *citing* Irish Lesbian & Gay Org., 143 F.3d at 644; Freedman v. Freedman, 116 F.Supp.2d 379, 380 (E.D.N.Y. 2000). The Court cannot dismiss the Complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Sheppard, 18. F.3d at 150 (citations omitted).

"[T]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading alone that a recovery is very remote and unlikely but that is not the test." Schlesinger v. New York City Transit Authority, 2001 WL 62868, *1 (S.D.N.Y. 2001), *citing* Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998) "(quotation marks omitted); *see also* Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 1998) ('The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.') (quotation marks omitted)."

Against these well-established standards and when assessing the factual allegations plead in the Complaint in the light most favorable to the Plaintiff, the Bedford's motion must be denied.

## The Presently Incontrovertible Facts
## As Alleged in the Complaint

Mt. Kisco and Bedford have for a substantial period of time established and maintained a practice, policy and custom (hereinafter the "policy") quaintly referred to in police parlance as "border dumping" (Complaint at 8).

Border dumping, as routinely practiced by those municipalities by means of their police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police departments in both jurisdictions believe should not be permitted to enter into and/or remain within their respective municipalities. Caucasians and females are not the subject of border dumping. *Id.* at 9.

As routinely applied by the police in both jurisdictions, officers assigned to patrol duties:

    a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; gender and/or ethnicity,

    b. Involuntarily take the target into police custody without lawful cause, much less probable cause,

    c. Force the target to enter into and remain within a police vehicle,

    d. Without authority or permission of the target, transport the target across the border,

    e. Dump the target and/or his body in the neighboring jurisdiction, and

    f. Return to their own jurisdiction without officially reporting the

discriminatory motivation for their conduct.

*Id.* at 10.

In June of 2005, a Mt. Kisco Police Officer targeted Plaintiff (who is a brown-skinned male Hispanic of Guatemalan national origin), and in accordance with the established border dumping policy involuntarily took him into his custody, ordered him into a police vehicle, without authority or permission transported him out of Mt. Kisco and dumped him on Byram Lake Road in the Town of Bedford - - an apparent location of choice where a mortally wounded Hispanic of Guatemalan national original (Renee Perez) was subsequently dumped in 2007 shortly prior to his death by a sworn member of the Mt. Kisco Police Department [Perez v. Town of Bedford, 07 Civ. 4063 (CLB)]. In doing so the Police Officer was motivated by animus, endorsed by Mt. Kisco and Bedford, premised upon the target's national origin, skin color, gender and/or ethnicity. *Id.* at 3, 11.

As a proximate result of Defendants' policy and conduct Plaintiff was caused to suffer: a violation of his right to Equal Protection; a violation of his right to Intra-State Travel; false imprisonment; punishment by reason of his ethnicity, color and/or national origin; public humiliation; public embarrassment; shame; emotional upset; anxiety; fear; and has otherwise been rendered sick and sore. *Id.* at 12.


<u>Plaintiff's Claims and Relief Sought</u>

Since Plaintiff was the victim of border-dumping as carried out pursuant to the joint policy adopted and practiced by Mt. Kisco and Bedford, he claims violations of his rights as guaranteed by reason of the Fourth and Fourteenth Amendments to the United

States Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1981. In that connection he contends that he was unlawfully seized and illegally transported across the border from Mt. Kisco to Bedford in violation of his right to intrastate travel.

By way of relief as he seeks, as against Bedford, compensatory damages, a declaration that its border-dumping policy is unconstitutional, and a permanent injunction barring Bedford from prospectively engaging in that practice.

**POINT**

**THE MOTION TO DISMISS
MUST BE DENIED**

Ignoring the material facts as alleged in the complaint, Bedford moves to dismiss on the premise that it "had nothing whatsoever to do with the alleged deprivation of plaintiff's constitutional rights" (Memorandum at 2). We disagree and submit that by reason of movant's own legal arguments their motion must be denied.

As to the Town's assertions regarding "standing" (Memorandum, Point I), we do not disagree. Plaintiff has indeed alleged in sufficient detail that he suffered an actual deprivation of his constitutional rights as a proximate result of the border-dumping policy of Mt. Kisco and Bedford. He thus seeks redress for a deprivation that manifestly was the product of a long-term governmental practice indulged in by the police in those two, bordering municipalities.

In that connection the joint policy of the Town/Village of Mt. Kisco and the Town of Bedford clearly is the "moving force behind the constitutional violation" (Memorandum, p. 4).

5

As to movant's contention that Plaintiff must demonstrate that Bedford "itself caused or is implicated in the constitutional violation", we submit that the implication of Bedford on this record is self-evident. Border-dumping occurred with respect to Plaintiff. That constitutional deprivation was the intended result of the policy jointly agreed to and implemented by Bedford and Mt. Kisco.

One further issue as to standing warrants brief mention.

Plaintiff challenges as unconstitutional on its face the jointly engaged in border-dumping policy of Bedford and Mt. Kisco. Since Mr. Velazquez is the prototypical target of that policy, and since on this record the existence of the policy cannot be denied by Bedford, Plaintiff obviously has standing to seek the requested declaratory and injunctive relief.

Dated: White Plains, N.Y.
        September 13, 2007

                                    LOVETT & GOULD, LLP
                                    By:
                                       Jonathan Lovett (4854)
                                    Attorneys for Plaintiff
                                    222 Bloomingdale Road
                                    White Plains, N.Y. 10605
                                    914-428-8401